## WILLIAM ROCKWELL v. STATE OF NEBRASKA.

### FILED FEBRUARY 10, 1912. No. 17,398.

Larceny: SUFFICIENCY OF EVIDENCE. Evidence examined, its substance stated in the opinion, and *held* to be insufficient to sustain the verdict.

ERROR to the district court for Richardson county: JOHN B. RAPER, JUDGE. *Reversed.*

*R. C. James* and *C. Gillespie,* for plaintiff in error.

*Grant G. Martin, Attorney General,* and *Frank E. Edgerton, contra.*

BARNES, J.

The plaintiff in error, hereinafter called the defendant, was charged in the district court for Richardson county with the crime of larceny from the person, as defined by section 113a of the criminal code. He was convicted and sentenced to serve a term of not less than one nor more than seven years in the state penitentiary, and has brought the case here by a petition in error.

One of his principal assignments of error is that the verdict and judgment are not sustained by the evidence.

The defendant was charged with stealing a pocket-book containing $45 from the person of one John Mosiman on the 11th day of August, 1911, which was the day that Ringling Brothers' circus showed in Falls City. It appears that Mosiman, who was an old and confiding German, was upon the street that day, and had his purse in his pocket; that he stopped upon the main street at a place where what was called a "Baby-Rack" was in operation, and he testified, in substance, that he stood there looking at the Baby-Rack; that there were some other persons around there; that the defendant ran against him, and that about the same time he saw another man close to him, whom he did not afterwards see or recognize;

that he put his hand in his pocket, and found that his purse was gone. He thereupon immediately grabbed hold of the defendant, and accused him of stealing his purse, and at the same time made an outcry for help; that the defendant said to him, in substance, "What's the matter, old man?" and then broke away and ran up the street. It appears that several other persons saw the defendant running, and at all times after he broke away from the prosecuting witness he was observed by some one. The defendant was caught within two blocks of the place where it is claimed the robbery occurred, and was immediately searched, but no pocket-book or money, except a little small change amounting to perhaps 50 cents, was found upon his person. Nothing more was seen or heard of the person that Mosiman called "the other man." The prosecuting witness also testified that he was conscious of having his pocket-book in his pocket within from three to five minutes of the time he missed it, and seized hold of the defendant.

The foregoing is the substance of the transaction as described by the prosecuting witness. Several other witnesses testified that they saw the defendant when he broke away from Mosiman and ran up the street. No one saw him drop a purse, or dispose of anything in the way of dropping it or throwing it away. The officers who searched the defendant all testified that nothing was found upon his person which would indicate that he had taken Mosiman's money. It therefore becomes apparent that the defendant could not have committed the offense charged unless he did so with the aid of a confederate. There is no competent testimony in the record that he was seen with any other person who could have assisted him as an accomplice.

The defendant, testifying in his own behalf, stated that he came from Cairo, Illinois, to Falls City, in order to obtain work; that he arrived there on the Burlington train from St. Joseph at about 1:30 o'clock of the morning of the day the robbery was committed; that he knew

no one, and had no knowledge that any other person was with or near him when he was seized by the prosecuting witness; that he had 'no companion, and the reason he ran, when accused of the theft by the prosecuting witness, was because he was a stranger in the place and did not want to be arrested. He strenuously denied that he had taken Mosiman's money, or that he knew anything about the matter whatever.

The foregoing is the substance of all of the testimony, and the matter is left in such a doubtful state that we are of opinion that the evidence does not establish the defendant's guilt. Having reached the foregoing conclusion, the other assignments of error will not be considered.

For the reason that the evidence is insufficient to sustain the verdict of the jury, the judgment of the district court is reversed and the cause is remanded for further proceedings.

REVERSED.